**LAYFIELD & BARRETT, APC**
Steven Weinberger, Esq. (015349)
s.weinberger@layfieldbarrett.com
Michael E. Medina, Jr., Esq. (014846)
m.medina@layfieldbarrett.com
Jonathan J. Henry, Esq. (027976)
j.henry@layfieldbarrett.com
7135 E. Camelback Rd. Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 771-3605
Facsimile: (480) 771-3603

**BELLOVIN & KARNAS, P.C.**
M. David Karnas, Esq. (013728)
Karnas@bellovinkarnas.com
4810 E. Broadway Blvd.
Tucson, Arizona 85711
Telephone: (520) 571-9700
Facsimile: (520) 571-8556

**LAYFIELD & BARRETT, APC**
7135 EAST CAMELBACK ROAD, SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

AMANDA MCKAY, on behalf of herself and all statutory beneficiaries of M.C. and pursuant to A.R.S. §12-612;

Plaintiffs,

v.

UNITED STATES OF AMERICA; MARIA MYLENE FABIA ABAD, M.D., et ux.; SUN LIFE FAMILY HEALTH CENTER dba SUN LIFE CENTER FOR WOMEN & CHILDREN, INC., an Arizona Corporation;

Defendants.

Case No.: 2:16-cv-02447-DLR

**FIRST AMENDED COMPLAINT**

Plaintiff, Amanda McKay on behalf of herself and all statutory beneficiaries of M.C., by counsel, for her First Amended Complaint against the Defendant, United States of America, states as follows:

LAYFIELD & BARRETT, APC
7135 EAST CAMELBACK ROAD, SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

**INTRODUCTION**

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq*.) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Decedent M.C. by Maria Mylene Fabia Abad, M.D., and Sun Life Family Health Center dba Sun Life Center for Women & Children, Inc.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for the wrongful death caused by the medical malpractice of Maria Mylene Fabia Abad, M.D., and Sun Life Family Health Center dba Sun Life Center for Women & Children, Inc.

3. Plaintiff Amanda McKay has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1*.

4. This suit has been timely filed, in that Plaintiff Amanda McKay timely served notice of his claim on the Department of Health and Human Services less than two years after the incident forming the basis of this suit.

5. Plaintiff Amanda McKay is now filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the Department of Health and Human Services letter dated June 9, 2016 notice of "final denial of administrative claims." *Administrative Tort Claim Denial Letter attached as Exhibit 2*.

. . .

. . .

LAYFIELD & BARRETT, APC
7135 EAST CAMELBACK ROAD, SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

**PARTIES, JURISDICTION AND VENUE**

6. Plaintiff Amanda McKay is, and at all times relevant hereto was, a resident of Pinal County, Arizona.

7. Defendant United States of America, through its agency, the Department of Health and Human Services, employs Maria Mylene Fabia Abad, M.D. and Sun Life Family Health Center dba Sun Life Center for Women & Children, Inc.

8. Pursuant to 42 U.S.C. §233(a), Congress has provided that the remedy provided in 28 U.S.C. §§1346(b) and 2672 against any person deemed to be a Public Health Service Officer or employee "for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions, . . . while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding" and shall be against the United States of America.

9. At all times relevant to this Complaint, Maria Mylene Fabia Abad, M.D., and Sun Life Family Health Center dba Sun Life Center for Women & Children, Inc., held themselves out to the Plaintiff Amanda McKay and Decedent M.C. as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Decedent.

10. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

11. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

LAYFIELD & BARRETT, APC
7135 EAST CAMELBACK ROAD, SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

12. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Arizona.

**FACTUAL ALLEGATIONS**

13. On October 24, 2013, M.C. was born without any complications. She had Early and Periodic Screening, Diagnostic and Treatment (EPSDT) at 5 days, 4 weeks, and 9 weeks of age with no issues, and normal growth and development.

14. On February 5, 2014 at fourteen weeks old, M.C. was taken by her mother, Plaintiff Amanda McKay, to Defendant Sun Life Family Health Center dba Sun Life Center for Women & Children, Inc., to be seen by Defendant Maria Mylene Fabia Abad, M.D. with complaints of not eating well and spitting up a lot.

15. On February 20, 2014, at sixteen weeks old, M.C. Coronado and her mother Plaintiff Amanda McKay returned to Defendant Sun Life with increasing problems including but not limited to: losing her voice, hoarseness, high pitched cough, and being very phlegmy. Defendant Abad wrote "no foreign body suspected" in her notes.

16. On February 28, 2014, at seventeen weeks old, M.C. was seen at home for an EPSDT check where it was noted that Plaintiff Amanda McKay was still concerned that M.C.'s cough was not getting any better. However, the nurse performing this check did not instruct Plaintiff Amanda McKay to return M.C. to the doctor.

17. On March 18, 2014, at nineteen weeks old, Plaintiff Amanda McKay returned M.C. to Defendant Sun Life for the third time with complaints that she is more phlegmy and coughing. Defendant Abad assessed the child with cough, chest congestion, and phlegm. Defendant Abad did not order any tests to rule out throat swelling or other lung issues

LAYFIELD & BARRETT, APC
7135 EAST CAMELBACK ROAD, SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

which could be causing cough and phlegm. Defendant Abad did prescribe an antibiotic for M.C. and sent her home.

18. Plaintiff Amanda McKay took M.C. to the Emergency Room at Casa Grande Regional Medical Center at around 3:00 AM on April 3, 2014. M.C. was limp, and had trouble breathing for about fifteen minutes. M.C. 's vital signs on admission to the Emergency Department were: Temperature 96.4, Pulse 99, Respirations 42, and oxygen saturation 89% on room air, and respiratory sounds consistent with stridor. All of these vital signs are abnormal. M.C. was admitted to Casa Grande Regional Medical Center for overnight observation with a diagnosis of croup. Defendant Abad wrote in her History and Physical that the cough "only started tonight," when in reality the cough had been going on for almost two months. Defendant Abad had been treating M.C. since February 5, 2014.

19. M.C. was placed in a mist tent with oxygen flowing and given eight doses of Racemic Epinephrine every two to three hours. M.C. went twelve hours without the need for a Racemic Epinephrine treatment prior to discharge.

20. M.C. Coronado continued to be in a mist tent until April 4, 2014.

21. On April 4, 2014, the initial Respiratory Syncytial Virus (RSV) swab results returned as negative and M.C. was discharged home with no home medications or treatment orders except to follow up in the office the following Monday. However, the final RSV results were reported positive after M.C. had already been discharged.

22. On April 7, 2014 Plaintiff Amanda McKay took her daughter M.C. back to Defendant Abad as instructed for a follow up post hospitalization check-up. M.C. continued with cough, congestion and mild vocal congestion. Defendant Abad misdiagnosed M.C. and

LAYFIELD & BARRETT, APC
7135 EAST CAMELBACK ROAD, SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

prescribed Albuterol nebulizer three times a day at home for one week and instructed Plaintiff Amanda McKay to call in a week to determine if this helped.

23. Plaintiff Amanda McKay administered the breathing treatments to M.C. as instructed.

24. On April 9, 2014 Plaintiff Amanda McKay returned home from work at 2:10 a.m. and went to check on M.C.. Plaintiff Amanda McKay noticed M.C. not breathing and lying on her abdomen. Plaintiff Amanda McKay immediately called 911.

25. M.C. was pronounced dead on April 9, 2014 at 2:59 a.m.

26. The death certificate specifies the immediate cause of death as "bronchopneumonia due to or as a consequence of lodged foreign body in esophagus."

27. The Autopsy Report states, "Death of this infant is due to bronchopneumonia due to a foreign body (piece of Christmas tree ornament) lodged within the esophagus. The foreign body likely led to chronic airway obstruction and ultimately the resultant pneumonia."

**CAUSES OF ACTION**

**COUNT I – MEDICAL NEGLIGENCE**

28. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein and further alleges as follows:

29. All Defendants and each of them, at all relevant times, owed a duty of care to the patients in their charge including decedent M.C. Inherent in this duty rests an obligation to reasonably and prudently examine, monitor, and evaluate their patients so as to provide timely and proper treatment and diagnosis.

LAYFIELD & BARRETT, APC
7135 EAST CAMELBACK ROAD, SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

30. Defendants' duties required that, among other things, they instigate timely intervention, proper treatment, and to correct injuries in such a manner that preventable permanent injuries are not subsequently sustained by the patients in their care.

31. All Defendants breached the foregoing duties by failing, despite clear clinical indications, to properly diagnose, and instigate treatment in response to Plaintiff Amanda McKay's daughter's symptoms and findings. This failure and misdiagnosis resulted in the death of M.C., a five-month old child.

32. If Defendants had provided the requisite level of medical attention and intervention warranted based on the findings under the applicable standard of care, the death of M.C. could have been avoided. These breaches of duty exemplify substandard care and stand as the actual and proximate causes of M.C.'s death and Plaintiff Amanda McKay's pain and suffering.

33. Defendants failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the same profession or class, within the State, acting in the same or similar circumstances.

34. Defendants' breach of their duties, as described above, directly and proximately caused M.C.'s death and Plaintiff Amanda McKay's suffering as enumerated below and more fully stated in the Prayer for Relief clause of this Complaint. As a direct and proximate cause of the Defendants' negligent acts and omissions, Plaintiff Amanda McKay and the statutory beneficiaries suffered and will continue to suffer harm.

35. Defendant Maria Mylene Abad, M.D. owed a duty of care to Plaintiff Amanda McKay's infant daughter, M.C. This duty of care required that Defendant Abad

LAYFIELD & BARRETT, APC
7135 EAST CAMELBACK ROAD, SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

properly examine, evaluate, diagnose and treat M.C.. The Defendant failed to properly diagnose M.C., indeed misdiagnosing her, leading to a delay in treatment and intervention. Defendant Abad failed to properly examine and diagnose M.C. and recognize a medical emergency.

36. The Doctrine of Respondeat Superior attributes all such breaches of duty and all further breaches revealed during the course of discovery to the employers, principals or contracting partners of the individual Defendants. All Defendants are vicariously liable for the acts, omissions and negligent transgressions of their employees, agents and/or contractors.

37. Defendants failed to diagnose a condition on separate occasions and are actually and proximately at fault for the wrongful death of M.C.

38. M.C. was an infant child who died as a result of the negligence of the Defendants. Had Defendant Abad followed the medical procedures and noticed M.C.'s symptoms in a timely manner, M.C. would be alive today.

39. Defendants actually and proximately caused the death of M.C.

40. Plaintiff and the statutory beneficiaries were immediately, irreparably injured by M.C.'s death. Plaintiff has experienced personal anguish, shock, suffering, sorrow, pain, severe emotional distress, loss of consortium and anxiety. Plaintiff has also lost the love, society, affection, and companionship of her first and only child.

. . .

. . .

. . .

LAYFIELD & BARRETT, APC
7135 EAST CAMELBACK ROAD, SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

**COUNT TWO – NEGLIGENCE – SUN LIFE FAMILY HEALTH CENTER dba SUN LIFE CENTER FOR WOMEN & CHILDREN, INC. ("Sun Life")**

41. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

42. Defendant Sun Life Family Health Center dba Sun Life Center for Women & Children, Inc., is independently negligent for failing to, among other things, having proper policies and procedures in place to prevent such harm from occurring. Defendant Sun Life failed to execute on rules and regulations and failed to monitor care.

43. Plaintiff and the statutory beneficiaries were immediately and irreparably injured by the death of M.C. Plaintiff has experienced personal anguish, shock, suffering, sorrow, pain, severe emotional distress, loss of consortium and anxiety. Plaintiff has also lost the love, society, affection, and companionship of her first and only child.

**COUNT THREE – VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY**

44. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

45. At all times relevant this case, Defendants Maria Mylene Fabia Abad, M.D., and Sun Life Family Health Center dba Sun Life Center for Women & Children, Inc., were employed by and/or acting on behalf of Defendant United States of America.

46. Defendants Maria Mylene Fabia Abad, M.D., and Sun Life Family Health Center dba Sun Life Center for Women & Children, Inc., negligently and/or recklessly,

LAYFIELD & BARRETT, APC
7135 EAST CAMELBACK ROAD, SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

directly and proximately caused the wrongful death of M.C., including both acts of omission and acts of commission.

47. As a direct and proximate result of Defendants' negligence, Plaintiff Amanda McKay and the statutory beneficiaries were immediately and irreparably injured by the death of M.C. Plaintiff Amanda McKay has experienced personal anguish, shock, suffering, sorrow, pain, severe emotional distress, loss of consortium and anxiety. Plaintiff Amanda McKay has also lost the love, society, affection, and companionship of her first and only child.

48. The acts and/or omissions set forth above would constitute a claim under the law of the State of Arizona.

49. Defendant United State of America is liable pursuant to 28 U.S.C. §1346(b)(1).

**PRAYER FOR RELIEF**

WHEREFORE, as a direct result of Defendant's negligent acts and omissions, Plaintiff prays for judgment and request that this Court:

A. Award Plaintiff McKay general damages in a just and reasonable sum;

B. Award Plaintiff McKay all special damages in a sum to be determined herein;

C. Order Defendants and all of them to pay Plaintiff Amanda McKay's costs;

D. Order Defendants and all of them to pay prejudgment interest on all liquidated sums award; and

E. Grant to Plaintiff such other and further relief as this Court deems just and proper.

DATED this 25th day of July, 2016.

**LAYFIELD & BARRETT, APC**

By: /s/ Michael E. Medina, Jr.
Steven Weinberger
Michael E. Medina, Jr.
Jonathan J. Henry
Attorneys for Plaintiff

**BELLOVIN & KARNAS, P.C.**

By: M. David Karnas by MEM
M. David Karnas
Attorney for Plaintiff

LAYFIELD & BARRETT, APC
7135 EAST CAMELBACK ROAD, SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

# Exhibit 1

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

1. Submit to Appropriate Federal Agency:

U.S. Department of Health & Human Services (HHS)
330 C Street, SW, Switzer Building, Suite 2600
Washington, D.C. 20201
Fax: 202-619-2922: E-Mail: HHS-FTCA-Claims@hhs.gov

2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.

Amanda McKay
c/o Bellovin & Karnas, PC
4810 E. Broadway Blvd.
Tucson, AZ 85711

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 27/12/1985 | single | 9/4/2014 | |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On April 9, 2014, Madison Coronado, a child, died because of a foreign object lodged within her esophagus. (See attached Death Certificate, exhibit 1) Prior to her death, Madison frequently coughed and had difficulty eating and breathing. Her mother Amanda McKay took Madison to Maria Mylere Abad, M.D. at Sun Life Center for Women & Children on several occassions to determine the cause of her ailments. Because of insufficient medical care by Dr. Abad, the foreign object was never discovered resulting in Madison's death. (Please see attached statement of case as exhibit 2, incorporated herein by reference)

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Autopsy reveals Madison Coronado died because of a foreign object in her esophagus. The death caused the break up of Amanda McKay and Daniel Coronado. Amanda McKay now experiences anguish, suffering, sorrow, pain, emotional distress, depression, anxiety, and has incurred medical expenses, funeral and burial costs.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | | 1000000 | $1 million |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | 520-571-9700 | 29/1/2016 |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No

N/A

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

N/A

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

# Exhibit 2



DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel
General Law Division

330 C Street, SW
Switzer Building, Suite 2600
Washington, DC 20201

JUN 9 2016




**CERTIFIED–RETURN RECEIPT REQUESTED**

M. David Karnas, Esquire
Bellovin & Karnas, P.C.
4810 East Broadway Boulevard
Tucson, AZ 85711

Re: Administrative Tort Claim of Daniel Coronado and Amanda Kay on Behalf of Madison Coronado (Deceased) - Claim No. 2016-0182-0183

Dear Mr. Karnas:

On January 29, 2016, on behalf of your clients Daniel Coronado and Amanda Kay, you presented the above-referenced administrative tort claims, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, alleging, *inter alia*, that, on several unspecified dates, Dr. Maria Mylere Abad and the Sun Life Center for Women and Children, located in Casa Grande, AZ, failed to timely diagnose and remove a foreign object from Madison Coronado's esophagus, which resulted in her death on September 9, 2014.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia,* injury or death caused by the negligent, or wrongful, act or omission of any employee of the Federal Government, while acting within the scope of employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination on your clients' administrative tort claims, as required by 28 U.S.C. §§ 2401(b), 2675(a). Your clients' administrative tort claims are denied. The evidence fails to establish that the alleged injuries were caused by the negligent, or wrongful, act or omission of an employee of the U.S. Department of Health and Human Services, acting within the scope of employment.

If your clients are dissatisfied with this determination, they are entitled to:

1. file a written request with the agency for reconsideration of the final determination denying the claims within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

2. file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your clients request reconsideration, the agency will review the claims within six months from the date the request is received. If the reconsidered claims are denied, your clients may file suit within six months from the date of mailing of the final determination of this claim.

Sincerely yours,

William A. Biglow /

William Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch